IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|    Bowen, David | § | CASE NO.    17-31586 |
|    Bowen, Rebecca | § | |
| | § | |
| DEBTORS | § | CHAPTER 13 |
| | § | |

## EMERGENCY MOTION FOR USE OF CASH COLLATERAL

### Notice

This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 20 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.  Represented parties should act through their attorney.

If a party requests emergency consideration, the court may act expeditiously on the matter.  If the court allows a shorter response time than twenty-one (21) days, you must respond within that time.  If the court sets an emergency hearing before the response time will expire, only attendance at the hearing is necessary to preserve your rights.  If an emergency hearing is not set, you must respond before the response time expires.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

      **COMES NOW**, David Bowen and Rebecca Bowen, Debtors herein, with this its Emergency Motion for Use of Cash Collateral (hereinafter "the Financing Motion"), pursuant to 11 U.S.C. §§ 361 and 363, and in support thereof would respectfully show unto this Court as follows:

### I.
### PARTIES

a.  The Debtors may be served at 1117 Helen Dr., Deer Park, TX 77536, with a copy to Debtors' Counsel, John E. Smith, 907 South Friendswood Dr, Suite 204, Friendswood, Texas 77546.

b.  The Secured Lenders with an interest in the cash collateral are Business Financial Services/BFS Capital, Pearl Beta Funding, LLC, and Yellowstone Capital LLC. The secured Lenders,   BFS Capital may be served at its mailing address, 3301 N University Dr #300,

Coral Springs, FL 33065, Pearl Beta Funding, LLC may be served at its mailing address, 100 William Street 9th Floor, New York, New York 10038., Yellowstone Capital LLC may be served at 1 Evertrust Plaza, Jersey City, NJ 07302.

## II.
## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §1334, venue is appropriate pursuant to 28 U.S.C. §1408, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A),(D),(K),(M) and (O).

## III.
## NOTICE

Sufficient and adequate notice of the Financing Motion has been given to prevent immediate and irreparable harm pursuant to Bankruptcy Rule 2002, 4001(c), and 9006; Local Bankruptcy Rules 2002 and 4001(b), as required by Sections 102, 361 and 363 of the Bankruptcy Code.

## IV.
## FACTS

a. Debtors were sole shareholders in Bowen Foam & Fabrics LLC. They had personally guaranteed the vast majority of the corporate debt. Prior to the filing of this case, the Board of Directors of Bowen Foam & Fabrics LLC voted to sell all assets of the corporate entity to the Debtors in consideration for the Debtors taking on the responsibility of paying the debt. A Bill of Sale was executed. Debtors are now operating as a sole proprietorship.

b. On March 13, 2017, the Debtors filed a Voluntary Petition for Debt Adjustment under Chapter 13 of Title 11 of the United States Code in order to protect its business as an ongoing concern.

## V.
## PREPETITION LIENS

a. Business Financial Services/BFS Capital has a Lien on proceeds and receivables in the amount of $ 38,561.79.

b. Debtors have additional secured creditors who, upon information and belief, do not hold a secured interest in the Debtors' cash collateral. Yellowstone Capital LLC and Pearl Beta Funding, LLC have purported liens on cash collateral subsequent in time to the Business Financial Services/BFS Capital liens. Business Financial Services/BFS Capital filed a UCC1 on February 15, 2015 in Texas. This is the prior lien. The amount of available cash collateral consisting of cash on hand, deposits, and account receivables is $25,000. The debt to Business Backer LLC exceeds the available amount of collateral. Business Backer LLC is secured to the amount of $25,000. The remaining creditors with account receivable liens are unsecured.

## VI.
## CASH COLLATERAL

a. The Debtors require the emergency use of cash collateral in the amount of $42,187.36 for the period 3/13/17 - 4/4/17 to meet payroll and incidental expenses to continue its business operations. The breakdown in anticipated expenses is attached as Exhibit A.

b. In addition, the Debtors require the use of cash collateral in the amount of $72,653.58 on a monthly basis. A copy of the proposed monthly budget is attached hereto as Exhibit "B" and fully incorporated herein by reference.

c. Without the use of cash collateral, the Debtors will be unable to retain or pay employees, to maintain its assets, to pay payroll taxes, inventory suppliers overhead, and other expenses necessary for its reorganization.

d. As adequate protection of the interest of Business Financial Services/BFS Capital in the pre-petition collateral and the cash collateral, the Debtors shall grant Business Financial Services/BFS Capital a valid and automatically perfected first priority replacement liens and security interest in and upon those assets as set forth in Section V.

e. The security interests granted to Business Financial Services/BFS Capital post-petition shall not have priority over prior perfected and unavoidable liens and security interest in

    the property of the Debtors' estate as of the Petition Date other than their liens in the Pre-Petition Collateral, provided that such liens and security interest are prior to Business Financial Services/BFS Capital pre-petition liens and security interests, valid, perfected, not adequately protected, and non-avoidable in accordance with applicable law.

f. If a hearing is held on this Emergency Motion for Use of Cash Collateral, Movants pray that relief be granted as a Final Order for Authority to Use Cash Collateral. All parties will have been noticed and interested parties participating.

  **WHEREFORE, PREMISES CONSIDERED**, David Bowen and Rebecca Bowen, Debtors herein, prays that this Court enter an Order for Emergency Use of Cash Collateral for the period 3/13/17 through 4/4/17, set a hearing on the Motion, enter an Order for Use of Cash Collateral after the hearing, and for such other and further relief, at law and in equity, as this Court deems just.

Respectfully submitted on March 15, 2017.

    **JOHN E. SMITH & ASSOCIATES, P.C.**

    /s/ John E. Smith
    _____
    John E. Smith/SBA# 18613275
    907 S. Friendswood Drive, Suite 204
    Friendswood, TX 77546
    713/861-5699 ph
    281/996-9393 ph
    713/620-3093 fx
    johnsmithattorney@um.att.com
    **Attorney for Debtors**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served upon the following parties via first class mail and/or via email:

BFS Capital (via email)
mham-cruz@bfscapital.com

Pearl Beta Funding LLC (via email)
bonnie@pearlcash.com

Yellowstone Capital LLC (via email)
info@yellowstonecap.com

And upon all of the parties on schedules d, e, and f via first class mail, proper postage affixed.

**Date:** March 15, 2017      /s/ John E. Smith

                                            _____
                                            John E. Smith, Attorney for Debtors